Jennine DiSomma (jdisomma@saiber.com)
Vincent C. Cirilli (vcirilli@saiber.com)
**SAIBER LLC**
18 Columbia Turnpike, Suite 200
Florham Park, NJ 07932
(973) 622-3333
*Attorneys for Defendant*
*Corizon Health, Inc.*

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SERENA THOMPSON, LINDA UNNELAND, SANJA MEDICH, NAOMI DECHOUDENS, and ANNIE PETRARO,<br><br>                    Plaintiffs,<br><br>v.<br><br>CORIZON HEALTH, INC., PHYSICIAN AFFILIATE GROUP OF NEW YORK, P.C., THE NEW YORK CITY HEALTH & HOSPITALS CORPORATION, THE CITY OF NEW YORK,<br><br>                    Defendants. | Civil Action No. 18-7139 (LGS)<br><br>**DECLARATION OF JENNINE DiSOMMA, ESQ. IN SUPPORT OF CORIZON HEALTH, INC.'S MOTION <u>FOR SUMMARY JUDGMENT</u>**<br><br>*Document Filed Electronically* |

**JENNINE DiSOMMA**, of full age, hereby certifies as follows:

1.  I am an attorney-at-law of the State of New York and a Member of the firm of Saiber LLC, attorneys for Defendant Corizon Health, Inc. ("Corizon") in the above matter.

2.  This case arises out of claims for sexual harassment and retaliation brought by the Plaintiffs, who were employed by Corizon as mental health clinicians and rendered services to inmates on Rikers Island. Although Plaintiffs brought a single lawsuit, the case actually involves factually different claims because the individual Plaintiffs worked in different buildings, for different supervisors, and rendered care to different inmates. Essentially this is four separate lawsuits pled in a single complaint. Given this reality, it was difficult if not impossible to meet

the page limits for each exhibit as required by Your Honor's rules.  Had Plaintiffs brought four separate lawsuits, we would not be facing this issue.  Corizon will be prejudiced if it is precluded from presenting the Court with all the evidence that supports its motion for summary judgment.

3. To comply with Your Honor's Order setting forth page limits for exhibits filed in support of Corizon's motion for summary judgment (ECF No. 105), and Your Honor's Individual Rules and Procedures, which requires a full copy of deposition transcripts, Corizon has enclosed in a CD-ROM the full versions of all deposition transcripts in this matter as Exhibits 1-8.  Given that the inclusion of the excerpted transcripts would exceed the 225-page limit for exhibits, no excerpted transcripts have been attached to this Declaration, but the excerpts are identified in Corizon's Statement of Material Facts.  Notwithstanding that these exhibits are not attached hereto, Corizon intends that they be considered a part of the record before this Court.  If the Court prefers that the excerpts from the deposition transcripts be presented as exhibits to Counsel's Declaration, we have prepared a separate Supplemental Declaration and would be pleased to file it with the Court.

4. A true and correct copy of the deposition transcripts of Serena Thompson (days one and two) are enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 1**.

5. A true and correct copy of the deposition transcripts of Linda Unneland (days one and two) are enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 2**.

6. A true and correct copy of the deposition transcript of Sanja Medich is enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 3**.

7. A true and correct copy of the deposition transcript of Naomi Dechoudens is enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 4**.

8. A true and correct copy of the deposition transcript of Neil Leibowitz is enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 5**.

9. A true and correct copy of the deposition transcript of Dorrell Hyde is enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 6**.

10. A true and correct copy of the deposition transcript of Andiea Harris is enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 7**.

11. A true and correct copy of the deposition transcript of John Gallagher is enclosed in CD-ROMS provided to the Court and counsel as **Exhibit 8**.

12. A true and correct copy of the Affirmation of Jessica Lee (without exhibits) (CORIZON_001242-48) is attached hereto as **Exhibit 9**.

13. A true and correct copy of the excerpted contract between Corizon and the Department of Health and Mental Hygiene (CORIZON_001085-97, 1173-90) is attached hereto as **Exhibit 10**. The full exhibit is enclosed in CD-ROMS provided to the Court and counsel.

14. A true and correct copy of Corizon's policies and memos (CORIZON_000780, 840, 864-66, 867-72, 1255-87; PLAINTIFFS000258) is attached hereto as **Exhibit 11**.

15. A true and correct copy of the excerpted Incident Reporting Logs (CORH002786) is attached hereto as **Exhibit 12**. The full exhibit is enclosed in CD-ROMS provided to the Court and counsel.

16. A true and correct copy of Corizon's Additional Work Time Authorization Form (CORIZON_000290) is attached hereto as **Exhibit 13**.

17. A true and correct copy of the excerpted Inmate Rule Book (CITY – 001816, 1819, 1824, 1827-28) is attached hereto as **Exhibit 14**. The full exhibit is enclosed in CD-ROMS provided to the Court and counsel.

18. A true and correct copy of documents establishing Plaintiffs' employment dates (CORIZON_000047, 266, 368, 710) is attached hereto as **Exhibit 15**.

19. A true and correct copy of documents establishing that safety issues at Rikers Island are within the control of the New York City Department of Corrections ("DOC") (PLAINTIFFS000883-84, 886, 890-91, 906, 914-15, 1102, 1152, 1184, 1277-78, 1298, 1323) is attached hereto as **Exhibit 16**.

20. A true and correct copy of documents establishing that safety issues at Rikers Island affected men and women (PLAINTIFFS000831, 1286-88, 1305, 1434, 1497, 1548) is attached hereto as **Exhibit 17**.

21. A true and correct copy of Situation Awareness Training correspondence (CORIZON_001307-23) is attached hereto as **Exhibit 18**.

22. A true and correct copy of Aggressive Patient Alert correspondence (PLAINTIFFS002086-89) is attached hereto as **Exhibit 19**.

23. A true and correct copy of Thompson's Corrective Action (CORIZON_001230-31) is attached hereto as **Exhibit 20**.

24. A true and correct copy of Medich's transfer correspondence (PLAINTIFFS001657-68) is attached hereto as **Exhibit 21**.

25. A true and correct copy of Unneland's EEOC Charge (PAGNY000305-09) is attached hereto as **Exhibit 22**.

26. A true and correct copy of documents establishing remedial measures with respect to Thompson (PLAINTIFFS000909, 1103-05, 1143-44; CCDefs_E_0000012, 25-26, 31-32, 86-88) is attached hereto as **Exhibit 23**.

27. A true and correct copy of documents establishing remedial measures with respect to Unneland (PLAINTIFFS001233-34, 1237-38, 1257, 1352-53, 1414, 1589-91, 1964, 2088-89; CORH001520-21, 1949-51; CCDefs_E_0000064-66) is attached hereto as **Exhibit 24**.

28. A true and correct copy of documents establishing remedial measures with respect to Medich (PLAINTIFFS001541-42, 2245; CCDefs_E_0001522-24, 1526-27) is attached hereto as **Exhibit 25**.

29. A true and correct copy of documents establishing remedial measures with respect to Dechoudens (PLAINTIFFS_001188, 1190-91, 1401, 1958, 2175-77; CORIZON_000711-14; CCDefs_E_0000033-35) is attached hereto as **Exhibit 26**.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s Jennine DiSomma*
JENNINE DiSOMMA

Dated: February 12, 2020