```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
  SERENA THOMPSON, et al.,                        :
                              Plaintiffs,         :
                                                  :
               -against-                          :       18 Civ. 7139 (LGS)
                                                  :
  CORIZON HEALTH, INC., et al.,                   :          ORDER
                              Defendants.         :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, Defendant Corizon Health, Inc. moves for reconsideration of the January 12, 2021, Opinion & Order ("Summary Judgment Opinion") denying Defendant's motion for summary judgment on Plaintiffs Serena Thompson, Linda Unneland, Sanja Medich and Naomi Dechoudens' claims of a hostile work environment and retaliation under the New York City Human Rights Law ("NYCHRL"). The Summary Judgment Opinion held that a reasonable factfinder could find (1) a continuing violation that excused the three-year statute of limitations on Dechoudens' NYCHRL claims and (2) that Defendant did not take action to remedy pervasive and severe sexual harassment faced by Plaintiffs.

WHEREAS, Local Civil Rule 6.3 provides that a motion for reconsideration shall "set[] forth concisely the matters or controlling decisions which counsel believes the Court has overlooked." S.D.N.Y. Loc. R. 6.3. "A motion for reconsideration should be granted only when [a party] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (internal quotation marks omitted); *accord Yang v. Mic Network, Inc.*, No. 18 Civ. 7628, 2020 WL 6562403, at *1 (S.D.N.Y. Nov. 9, 2020). A motion for reconsideration is "not a vehicle for relitigating old

issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012), *as amended* (July 13, 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)) (internal quotation marks omitted). The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)) (internal quotation marks omitted).

WHEREAS, Defendant argues that the continuing violation doctrine cannot apply to Dechoudens' NYCHRL claim because (1) she did not allege any specific discriminatory actions occurring after expiration of the limitations period on August 8, 2015, and (2) allegedly failed to adduce evidence from which a reasonable factfinder could conclude that discriminatory activity extended into the limitations period. Reconsideration on this point is improper because Defendant's arguments repeat those already made and rejected on summary judgment. Even if reconsideration were proper, Defendant's argument rests on *Mejia v. T.N. 888 Eighth Ave. LLC Co.*, 95 N.Y.S.3d 168, 170 (1st Dep't 2019). That case was cited by the Summary Judgment Opinion for two propositions: that (1) NYCHRL claims can be subject to the continuing violation doctrine and (2) the presence of a continuing violation is a triable fact issue.

Defendant notes that *Mejia* found no triable fact issue as to the presence of a continuing violation where the plaintiff identified a single specific incident outside the limitations period and provided conclusory allegations that such conduct continued for four years. *Id.* This argument is unpersuasive because the Summary Judgment Opinion, mindful that "the reach of the continu[ing] violation doctrine under NYCHRL is broader than under either federal or state law," *Ctr. for Indep. of Disabled v. Metro. Transp. Auth.*, 125 N.Y.S.3d 697, 703 (1st Dep't

2020), held that evidence of multiple instances of unwanted sexual conduct directed at Dechoudens permitted a reasonable trier of fact to conclude that such conduct occurred and extended into the limitations period.

WHEREAS, Defendant argues that the continuing violation doctrine cannot apply to Plaintiffs' NYCHRL claims because Plaintiffs inadequately specified a continuing violation in (1) their Title VII Equal Opportunity Employment Commission ("EEOC") charges and (2) their Complaint.  Defendant first made this argument in its summary judgment reply brief, where it cited non-binding caselaw addressing the availability of the continuing violation doctrine to Title IX claims.  This argument was improper because "issues raised for the first time in a reply brief are generally deemed waived."  *Tardif v. City of N.Y.*, No. 19-1360, 2021 WL 1030973, at *7 n.7 (2d Cir. Mar. 18, 2021) (internal quotation marks and alterations omitted).  Reconsideration on this point is also unwarranted because Defendant repeats its summary judgment argument and provides the same authority for the Court's review.  Even if the issue were reconsidered, Defendant's argument remains unpersuasive because (1) unlike the federal anti-discrimination claims at issue in Defendant's cited authority, there is no requirement to file an EEOC charge prior to bringing an NYCHRL claim and (2) Plaintiffs adduced sufficient evidence for a factfinder to conclude that Defendant failed to remedy pervasive sexual discrimination, and that this failure was tantamount to a policy of tolerating such discrimination.  Accordingly, it is hereby

**ORDERED** that Defendant's motion for reconsideration is denied.  The Clerk of Court is respectfully directed to close the docket entry at No. 137.

Dated:  April 14, 2021
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

3